UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENICE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-272** |
| **JEREMY GEARY** | **SECTION "O"** |

**ORDER AND REASONS**

Plaintiff Denice Johnson, *pro se*, filed this lawsuit against Defendant Jeremy Geary in which she ostensibly seeks to recover for herself and/or on behalf of her grandson for alleged federal civil rights violations stemming from Mr. Geary's alleged body-slam of Ms. Johnson's grandson while he was attending school. Mr. Geary moved[1] to dismiss the complaint for failure to state a claim on which relief may be granted. Mr. Geary's motion was noticed for submission on June 25, 2025, making Plaintiff's response due June 17, 2025. *See* LOCAL CIVIL RULE 7.5. No response was filed. So the Court considers the motion to dismiss unopposed.

The unopposed motion has merit. Because Ms. Johnson fails to allege any plausible Section 1983 claim against Mr. Geary, the motion will be granted, and Plaintiffs' claims will be dismissed with prejudice. The relevant facts set forth below are drawn from the few well-pleaded allegations of Plaintiff's complaint. *See generally Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 190 (5th Cir. 2009).

---

[1] ECF No. 7.

1

## I.  BACKGROUND

This civil rights litigation arises from Denise Johnson's allegations that the L. B. Landry High School's principal, Jeremy Geary, body-slammed her grandson, T.N.[2] Using a court-provided 42 U.S.C. § 1983 form, Ms. Johnson, purportedly as "legal guardian" of her grandson, filed this lawsuit against Mr. Geary, purportedly in his "official capacity" as principal of L.B. Landry High School.[3] Specifically, Ms. Johnson alleges that Mr. Geary violated her grandson's Eighth and Fourteenth Amendment rights "when [Principal Geary] slammed [her grandson, a student] to the floor at L.B. Landry High School" on January 22, 2024.[4] Ms. Johnson alleges that "several students witnessed" the incident and that the New Orleans Police Department "took a report, but no arrests were made."[5] Ms. Johnson claims that her grandson "suffered mental anguish and emotional distress."[6] As for what relief she seeks, Ms. Johnson as "legal guardian" asks the Court "to award her punitive damages in the amount of [$500,000] for her and her grandson (sic) mental anguish and emotional distress."[7] No other allegations are provided.

Mr. Geary now moves to dismiss, citing a litany of grounds: the claims are time-barred; failure to allege a plausible Eighth Amendment violation; failure to allege a plausible Fourteenth Amendment violation; failure to allege facts indicating that the

---

[2] Ms. Johnson identifies her grandson by name. Though it is unclear whether her grandson is a minor, the Court declines to include his full name here in the event that he is a minor.
[3] ECF No. 4. Ms. Johnson filed deficient complaints in February 2025, which were not remedied by the deadline.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

2

law authorizes Ms. Johnson to sue on behalf of her grandson; failure to allege a predicate to recover punitive damages; and insufficient service of process. The Court finds that dismissal is warranted.

## II. LAW AND APPLICATION

To avoid Rule 12(b)(6) dismissal, Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff must plead facts that allow the Court to reasonably infer that the Defendant "is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court accepts the complaint's well-pleaded factual allegations as true and construes all reasonable inferences in the light most favorable to Plaintiff. *See Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quotation and citation omitted). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quotation and citation omitted).

Courts "extend leniency to pro se litigants" and liberally construe their filings. *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015). Nevertheless, *pro se* litigants are not exempt from compliance with established rules of practice and procedure, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981), and courts "expect litigants to meet court deadlines and observe the rules of civil procedure." *Jones*, 612 F. App'x at 203. Accordingly, a *pro se* plaintiff like Ms. Johnson must still plead facts in order to state a plausible claim for relief. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484-85 (5th Cir. 2014). She fails to do so.

To state a claim under § 1983, Ms. Johnson must allege both a constitutional deprivation and that "the alleged deprivation was committed by a person acting under color of state law." *See Loera v. Kingsville Ind. Sch. Dist.*, 151 F.4th 813, 818 (5th Cir. 2025) (citations omitted). Critically, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Federal civil rights claims pursued against an official in his *official* capacity are distinct from those against an official his *individual* (or personal) capacity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining the doctrinal and practical differences between the two capacities). Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Because the entity is the real party in interest, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official," liability is premised upon "the entity's 'policy or custom' [which] must have played a part in the violation federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation omitted).

Thus, a person may sue a municipality that violates his or her constitutional rights "under color of any statute, ordinance, regulation, custom, or usage." *See Monell*, 436 U.S. at 690. A plaintiff pursuing a municipal *Monell* liability claim must show "the deprivation of a federally protected right caused by action taken pursuant

4

to an official municipal policy." *Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 482 (5th Cir. 2021) (citation omitted). Specifically, "[a] plaintiff must identify '(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).'" *Id.* (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up)). Critically, "[m]unicipalities are not liable 'on the theory of *respondeat superior*' and are 'almost never liable for an isolated unconstitutional act on the part of an employee.'" *Id.* (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

As a threshold matter, Ms. Johnson's civil rights complaint fails to implicate these fundamental standards. Most fundamentally, the sparse facts alleged appear to sound in the state-law tort of battery, "a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact." *See Irwin v. Brent*, 2022-0063 (La. App. 4 Cir. 9/14/22), 348 So.3d 835, 838 (citation omitted). Remedy for such an injury should be pursued in state court under traditional tort law—battery does not become a violation of the Eighth or Fourteenth Amendment merely because the defendant is a state official. *See Baker*, 443 U.S. at 146. Indeed, it is well-established that "the act of one who is a state officer, not taken by virtue of or clothed with his state authority, will not be considered as done under color of state law simply because the individual, although pursuing private aims, happens to be a state officer." *See Webb v. Morella*, 522 F. App'x 238, 241-42 (5th Cir. 2013) (affirming dismissal of plaintiffs' federal claims against defendant who, in

5

addition to being a private attorney, was also a part-time town court judge, where the assaultive conduct for which plaintiffs sought redress occurred solely in defendant's capacity as a private attorney); *see also Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) (affirming dismissal of Section 1983 claims, for failure to allege state action, where suit was brought against private-attorney defendant who also happened to be a municipal judge defendant); *Manax v. McNamara,* 842 F.2d 808, 812 (5th Cir.1988) (internal quotation marks omitted) ("Private acts . . . are not considered to be done under color of state law merely because the actor is a public official."); *Brown v. Miller*, 631 F.2d 408, 411 (5th Cir.1980) (acts by officers not taken with authority or under cloak of authority, will not be considered under color of state law "simply because the individual, although pursuing private aims, happens to be a state officer").

Furthermore, though the lawsuit purports to sue Mr. Geary in his "official capacity" presumably as principal of the high school, she fails to allege any facts that would make out an official-capacity *Monell* claim: she alleges no official policy or custom much less a constitutional violation whose moving force is that policy or custom. At best, she alleges a quintessential isolated tort allegedly perpetrated by Mr. Geary.

Even if Ms. Johnson sues Mr. Geary in his individual capacity, she fails to allege facts plausibly indicating any constitutional deprivation committed by Mr. Geary under color of state law. To be sure, Section 1983's text "protects against acts attributable to a State, not those of a private person." *Lindke v. Freed*, 601 U.S. 187, 194 (2024). "'[S]tate action exists only when' the constitutional deprivation 'ha[s] its

source in state authority.'" *See Hernandez v. Causey*, 124 F.4th 325, 336 (5th Cir. 2024) (quoting *Lindke,* 601 U.S. at 198). In considering "whether a state official engaged in state action or functioned as a private citizen[,]" the Supreme Court has observed that "the state-action requirement exclude[s] from liability 'acts of officers in the ambit of their personal pursuits,' [thereby] 'protect[ing] a robust sphere of individual liberty for those who serve as public officials or employees[.]'" *Lindke*, 601 U.S. at 195-96 (citations omitted). "[W]hen the challenged conduct 'entail[s] functions and obligations in no way dependent on state authority,' state action does not exist." *Id.* at 198–200 (citations omitted). Informing whether a plaintiff has alleged facts sufficient to plead that an officer misused official power, the Fifth Circuit has elaborated on the scope of the essential color-of-state-law prerequisite to § 1983 liability:

> Under "color" of law means under "pretense" of law. Generally, if an officer is performing their official duties, their acts "are included whether they hew to the line of their official authority or overstep it," though "acts of officers in the ambit of their personal pursuits are plainly excluded." That said, even if an officer acts for purely personal reasons, he or she may still act under color of law if they are "acting by virtue of state authority."

*Gomez v. Galman*, 18 F.4th 769, 775-76 (5th Cir. 2021) (internal citations omitted) (observing that "whether a police officer is acting under color of law does not depend on duty status at the time of the alleged violation"). Ultimately, a Section 1983 plaintiff "cannot hang his hat on [the public official's] status as a state employee" because "[t]he distinction between private conduct and state action turns on substance, not labels[.]" *Id.* at 197.

Here, the complaint is devoid of any *facts* alleging that Mr. Geary is a state actor, and that he acted under color of state law in allegedly body-slamming Ms. Johnson's grandson, T.N. Labels (*e.g.,* "principal" or "official capacity") are insufficient. Absent from the complaint are any factual allegations indicating that Mr. Geary purported to use official authority to facilitate the alleged battery of Ms. Johnson's grandson. Ms. Johnson's conclusory allegations are insufficient to state a plausible claim for relief under 42 U.S.C. § 1983, whether predicated on the Eighth or Fourteenth Amendment. At most, it appears that she alleges state law battery. A state-law tort claim fails to invoke the Court's subject matter jurisdiction as it falls short of implicating a federal civil rights violation.

Ms. Johnson fails to state any plausible § 1983 claim for at least two additional and independent reasons.

Foremost, Ms. Johnson's claims are facially time-barred. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Doe 1 v. City View Independent Sch. Dist.*, 150 F.4th 668, 674 (5th Cir. 2025) (citation omitted). Section 1983 does not provide a limitations period. So courts borrow from state law: "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citation omitted); *see also Doe 1*, 150 F.4th at 674. In Louisiana, for torts occurring before July 1, 2024, that period is one-year. *See* La. Civ. Code art. 3492,

8

*repealed on July 1, 2024 and replaced by* La. Civ. Code art. 3493.1.[8] Here, Ms. Johnson alleges that Mr. Geary body-slammed her grandson on January 22, 2024. For her civil rights claims to be timely, she needed to file suit no later than January 23, 2025.[9] At the earliest, she filed her initial (deficient) complaint on February 5, 2025, nearly two weeks late. Section 1983 claims predicated on the January 22, 2024 body-slam incident are thus time-barred under the applicable prescriptive period borrowed from Louisiana law. Dismissal with prejudice is warranted.

Defendant identifies other pleading deficiencies that equally doom Ms. Johnson's claims. For example, a student generally fails to state a claim for denial of substantive due process through excessive corporal punishment "as long as the state provides an adequate remedy[.]" *T.O. v. Fort Bend Ind. Sch. Dist.*, 2 F.4th 407, 414 (5th Cir. 2021) (citations omitted). There, in *T.O.*, the Fifth Circuit observed that it has

> consistently dismissed substantive due process claims when the offending conduct occurred in a disciplinary, pedagogical setting[ such as] (1) when a student was instructed to perform excessive physical exercise as a punishment for talking to a friend; (2) when a police officer slammed a student to the ground and dragged him along the floor after the student disrupted class; (3) when a teacher threatened a student, threw him against a wall, and choked him after the student questioned the teacher's directive; (4) when an aide grabbed, shoved, and kicked a disabled student for sliding a compact disc across a table; and (5) when a principal hit a student with a wooden paddle for skipping class.

---

[8] Effective July 1, 2024, Louisiana's statute of limitations for personal injury claims changed from one to two years. La. Civ. Code art. 3493.1. Before then, Louisiana's prescriptive period was one year under La. Civ. Code art. 3492.

[9] Again, La. Civ. Code art. 3492 was amended to provide for a two-year statute of limitations, but only for torts which occur after July 1, 2024. The incident forming the basis of the instant complaint occurred in January 2024 so the one-year prescriptive period then in effect applies.

*Id.* (footnotes, citations omitted).

Mr. Geary contends that Ms. Johnson's allegations cannot withstand dismissal for these reasons. Applying these authorities, the Court agrees. On the scant facts alleged,[10] Ms. Johnson's claims on behalf of her grandson are subject to dismissal for the same reasons, in light of available Louisiana remedies (such as a battery cause of action under state law) and failure to state a constitutional violation in the public school setting. *See, e.g., E.H. v. Barrilleaux*, 519 F. Supp. 3d 328 (E.D. La. 2021) (Vitter, J.) (granting summary judgment in favor of teachers claiming qualified immunity; no constitutional violation could be shown by student where Louisiana offered student multiple remedies through its tort law, defeating her attempt to state a constitutional violation based on teachers' physical restraint and dragging of student in order to prevent her from re-engaging in physical altercation with another student); *see also Thomas v. City of New Orleans*, 883 F. Supp. 2d 669 (E.D. La. 2012) (Feldman, J.) (granting motions to dismiss Section 1983 claims for failure to allege substantive due process violations where it was alleged that, in response to an unspecified behavioral issue, a boy with special needs was locked in a closet and when he ran away, he was struck with a fly swatter, held down on the ground, and, ultimately, handcuffed by responding police officers).[11] Ms. Johnson fails to allege

---

[10] Ms. Johnson alleges, albeit loosely, that the body-slam constituted "punishment." ECF No. 4-1.

[11] The U.S. Fifth Circuit Court of Appeals "dictate[s] that injuries sustained incidentally to corporal punishment, irrespective of the severity of those injuries or the sensitivity of the student, do not implicate the due process clause ***if the forum state affords adequate post-punishment civil or criminal remedies*** for the student to vindicate legal transgressions." *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875 (5th Cir.2000) (quoting *Fee v. Herndon*, 900 F.2d 804 (5th Cir.1990), *cert. denied*, 498 U.S. 908 (1990) (emphasis in original)). Indeed, the Fifth Circuit has held that "Louisiana affords students an adequate remedy through its tort law and statutory provision in Title 17." *See,*

facts that would indicate Ms. Geary's allegedly punitive conduct was "a malicious and unprovoked attack" that went "beyond mere corporal punishment" to sustain a Section 1983 claim. *Cf. A.F. v. St. Tammany Par. Sch. Bd.*, No. 23-7426, 2025 WL 1220805, at *5-6 (E.D. La. Apr. 28, 2025) (Fallon, J.).

The Court need not reach other proffered dismissal grounds, as the independent deficiencies identified warrant dismissal. However, the Court is compelled to address one final defect: Ms. Johnson, a non-lawyer, purports to litigate her grandson's claims (as she does not plausibly allege that her constitutional rights were violated) and she does so *pro se*.[12] But she fails to allege any facts that would save her from the statutory bar precluding her from proceeding *pro se* in pursuit of redress for her grandson's grievances. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."). Dismissal of Ms. Johnson's claims pursued on behalf of another, her grandson, is appropriate. *See id.*; *see also Wells v. East Baton Rouge Sch. Sys.*, No. 24-30616, 2025 WL 1514108, at *1 (5th Cir. May 28, 2025) (unpublished, per curiam) (dismissal of claims brought by *pro se* plaintiff on behalf of his adult children was "required" because plaintiff, a non-lawyer, was statutorily barred from litigating his adult children's claims).

Though she nowhere alleges that her grandson is a minor—the Court might infer as much from Ms. Johnson alleging that her grandson was a high school

---

*e.g., Flores v. School Bd. of DeSoto Parish*, 116 F. App'x 504, 509 (5th Cir. 2004); *see also Coleman v. Franklin Parish School Bd.*, 702 F.2d 74, 76 (5th Cir. 1983) (analyzing Title 17 and holding that it limits the use of corporal punishment).

[12] To be sure, Ms. Johnson may litigate her own claims *pro se*.

11

student—and alleges in mere conclusory fashion that she is her grandson's "legal guardian," Ms. Johnson nevertheless fails to allege facts that would support a finding that she has standing to assert any cause of action against Mr. Geary for the alleged body-slam incident of her grandson, much less that her grandson's civil rights claim belongs to his grandmother (*i.e.,* that some source of law entitles a grandmother to litigate her grandchild's claim *pro se*). *See Raskin on behalf of JD v. Dallas Ind. Sch. Dist.*, 69 F.4th 280 (5th Cir. 2023) (holding that the district court was required to consider whether federal or state law designated children's claims alleging violations of the Genetic Information Nondiscrimination Act as mother's "own" such that mother could represent children *pro se*).[13]

To put a finer point on it in the grandparent context, even if state law might lodge in a parent the capacity to sue on a child's behalf, "Section 1983 does not confer upon the grandparent of a child a claim based on actions taken against a child." *See Pete v. Prevose*, No. 24-1614, 2025 WL 1074789 (E.D. La. March 5, 2025) (North, M.J.) (recommending dismissal, for lack of standing, of grandfather's Section 1983 claims pursued *pro se* to redress his grandson's alleged Eighth and Fourteenth Amendment violations because neither federal nor state law conferred upon the grandfather the

---

[13] In departing from "the absolute bar" against *pro se* parent representation, *see Raskin on behalf of JD*, 69 F.4th 280, the Fifth Circuit ostensibly takes the minority view. For example, bound by its prior precedent foreclosing a mother from advancing her children's claims *pro se*, the Ninth Circuit has held that the "counsel mandate" of § 1654 precludes a mother from representing her children *pro se* in a lawsuit alleging that a school and school district violated her children's civil rights. *See Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1180 (9th Cir. 2024). The Sixth Circuit likewise endorses the rule that *pro se* plaintiffs are "legally incapable of asserting" their great-nephews' Section 1983 claims. *See Wright v. Louisville Metro Gov't*, 144 F.4th 817, 823 (6th Cir. 2025).

right to pursue his grandson's claims), *report and recommendation adopted*, 2025 WL 1068265 (E.D. La. Apr. 9, 2025) (Africk, J.).[14]

Though the Fifth Circuit has held that "an absolute bar on *pro se* parent representation is inconsistent with § 1654, which allows a *pro se* parent to proceed on behalf of her child in federal court when the child's case is the parent's own[,]" Ms. Johnson alleges no *facts* indicating that she is her grandson's legal guardian or that the law confers on her the right to pursue her grandson's federal civil rights claims as her own. *See Raskin on behalf of JD*, 69 F.4th at 283; *see also Pete*, 2025 WL 1074789. Accordingly, dismissal ostensibly would be appropriate for this additional reason.

## III. CONCLUSION

In conclusion, dismissal is warranted for various independent reasons. In failing to respond to the motion, Ms. Johnson advances no argument suggesting how she could remedy her defective allegations in order to render the claim timely or otherwise state a claim, nor does she request an opportunity to amend. Indeed, by failing to respond for many months, she appears to have abandoned her lawsuit.

---

[14] Notably or coincidentally, Ms. Johnson also filed a Section 1983 lawsuit based on the same alleged facts as presented in *Pete v. Prevose*, purportedly on behalf of a grandson with the same initials as there and here, T.N. *See, e.g.,* Civil Action Number 25-220, *Johnson v. Prevost*, in which Ms. Johnson, *pro se*, as "legal guardian" sought $500,000 in punitive damages and/or the mental anguish and emotional distress allegedly suffered by her grandson, T.N., at the hands of a correctional officer at Orleans Parish Juvenile Detention facility who allegedly spit and stepped on her grandson's sandwich then kicked it to him; the lawsuit was dismissed for failure to prosecute. Civil Action No. 25-220, ECF No. 7. *Pete v. Prevose* (No. 24-1614) was ostensibly the same lawsuit as *Johnson v. Prevost*, just the former filed in the name of T.N.'s grandfather. *See Pete*, 2025 WL 1074789, at *3 n.3. In *Pete*, the Court observed that, tragically, the grandson in that case, T.N., is deceased. *See id.* at *3 and n.4.

Insofar as Defendant requests that the Court order Plaintiff to pay Defendant's costs and attorney's fees, the Court declines to do so.

**IT IS ORDERED** that Defendant's unopposed motion[15] to dismiss is **GRANTED**. Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 2nd day of March, 2026.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[15] ECF No. 7.